UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GUADALUPE FERNANDEZ-VALENCIA | No. 09 CR 383-19<br><br>Judge Sharon Johnson Coleman |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence of 120 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.[1]

## I. Preliminary Advisory Sentencing Guidelines Calculation

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 43 and her criminal history category is III, resulting in an advisory Guidelines sentence of life imprisonment.

## II. Defendant's Cooperation

As reflected in the plea agreement, and as set forth in the Government's Version of the Offense, the defendant provided substantial assistance. Defendant's cooperation is detailed in the sealed Exhibit A, which is filed along with this brief.

---

[1] Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of no less than 10 years and no more than 15 years.

### III. The Defendant Should Receive a Sentence of 120 months in Prison

A sentence of 120 months' imprisonment is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

#### A. Nature and Circumstances of the Offense

The details of the offense are set forth in the plea agreement and government's version. In summary, defendant was a high-level member of the Sinaloa Cartel based in the area of Culiacan, Mexico. Defendant worked with others to acquire bulk marijuana, cocaine, heroin, and methamphetamine in Mexico, cross it into the United States, and sell it to wholesale customers who were either located in the United States or who could receive the drugs in the United States. Defendant further worked with others located in Mexico and the United States to collect the drug proceeds from the sale of those drugs, which were accordingly located in the United States, and to repatriate those funds back to Mexico for the benefit of herself and her drug-trafficking associates.

#### B. History and Characteristics of Defendant

As the PSR details, defendant has faced many challenges in her life, especially financial challenges. Unfortunately, defendant twice chose to resort to drug-trafficking in order to meet those financial challenges. Defendant's prior conviction for drug trafficking, and the ten-year sentence she served, factor heavily in the government's decision to persist in the 10-year mandatory minimum sentence in this case.

Defendant has the continued support of her children and grandchildren, and—at the age of 60—is viewed by the government as a low risk of recidivism.

As detailed in the PSR, defendant is not in great health and a custodial sentence is likely to take a further toll on her health. This factor supports a sentence at the lower end of the agreed-upon range.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and defendant's sentence should reflect that. Defendant trafficked in some of the most dangerous and serious drugs available, and in quantities not often seen by defendants in this district (other than her co-defendants in this case). Defendant caused these drugs to be brought into this country and distributed to wholesale customers, with the drugs then going on down the supply chain until sold to and consumed by the end users. These substances destroy lives and communities. Defendant sought to profit from that misery, even after being previously sentenced for drug trafficking.

### D. The Need to Avoid Unwarranted Sentence Disparities

The government's recommendation in this case takes into account sentences received by other individuals in this case and related cases. Factors considered include (1) relative culpability/position in the Cartel, (2) criminal history, and (3) cooperation or lack thereof. Considering these factors, the government believes 120 months is an appropriate sentence in this case.

3

**IV.     Government's Proposed Terms of Supervised Release**

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of five years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the one-year term of supervised release include the conditions set forth below:

**A.     Mandatory Conditions**

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;
- Not unlawfully possess a controlled substance;
- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a).

**B.     Discretionary Conditions of Supervision**

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

4

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);

- Report to the probation officer as directed by the probation officer (Discretionary Condition #15);

- Permit the probation officer to visit the defendant at home, work, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);

- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);

- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);

- Surrender to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the

5

        Attorney General or the Secretary of the Department of Homeland Security. (Discretionary Condition #21)

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip the defendant for employment (Discretionary Condition #4);

- Refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity (Discretionary Condition #6);

- Refrain from any use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);

- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

- Participate, at the direction of Probation, in a substance abuse treatment program (Discretionary Condition #9);

## V. Conclusion

For the foregoing reasons, the government requests that the court sentence Guadalupe Fernandez-Valencia to 120 months' imprisonment.

                                          Respectfully submitted,

                                          JOHN R. LAUSCH, JR.
                                          United States Attorney

By:    /s/ *Andrew C. Erskine*
          ANDREW C. ERSKINE
          ERIKA L. CSICSILA
          Assistant U.S. Attorney
          219 South Dearborn Street, 5th Floor
          Chicago, Illinois 60604
          (312) 353-1875

Dated: August 10, 2021